**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WAY TECHNOLOGY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Cause No. 4:13-cv-1455** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **BLAZING TRADE, INC.,** | ) | |
| **d/b/a CalvinNHobbs,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **Serve Registered Agent** | ) | |
| *Gurvinder Khurana* | ) | |
| *5775 E. Los Angeles Ave. Street #224* | ) | |
| *Simi Valley, California 93063* | ) | |

---

**VERIFIED COMPLAINT**

---

Plaintiff Way Technology, LLC, a Missouri Limited Liability Company ("Way Technology"), for its Complaint against Defendant Blazing Trade, Inc. d/b/a Calvin n Hobbs, a California Corporation ("BTI" or "Defendant"), states the following:


I.    **INTRODUCTION**

1.    This is an action at law and in equity for trademark infringement, unfair competition and dilution. Plaintiff's claims for relief arise under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, *et seq.;* Missouri Revised Statutes § 417.056 and §417.061(1); Unfair Business Practice arising under Cal. Bus. & Prof. Code § 17200 *et seq.*, for injury to business reputation, and the trademark and dilution

statutes of various other states and the common law of several states including Missouri and California.

2.      Defendant BTI advertises and sells electronic data storage media products which infringe Way Technology's trademarks, including Way Technology's federally registered 4AllDeals® and 4 ALL MEMORY® mark and common law 4AllMemory, and 4AllDeals marks (collectively referred to as "Way Technology Marks"). Defendant has never sought Way Technology's permission to sell these products, and Way Technology never authorized or approved Defendant's egregious conduct. Defendant obviously intends to profit from the Way Technology trademarks by confusing and deceiving consumers with Defendant's blatant copying. Moreover, Defendant's inferior merchandise tarnishes the distinctive quality of Way Technology's trademarks and dilutes the ability of those trademarks to serve as symbols of the high-quality and superior products the public has come to expect from Way Technology.


## II.      JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Way Technology's federal claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has subject matter jurisdiction over Way Technology's state statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has jurisdiction over the Defendant by virtue of the fact that they are engaged in the business of selling merchandise, specifically including electronic data storage media products, throughout the United States, including in this judicial district, via the internet.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.     Plaintiff Way Technology is a Missouri limited liability company with its principal office at 655 Leffingwell Avenue, Kirkwood, Missouri 63122.

7.     Way Technology was established in 2001 and sells Random Access Memory ("RAM"), an electronic data storage media commodity that is typically installed inside a computer's casing that is essential for performance.

8.     Way Technology advertises and sells its products via Amazon.com and other internet based platforms.

9.     On information and belief, BTI, is a corporation or a sole proprietorship of the State of California doing business at 365 E. Avendia de los Arboles, Suite 1105, Thousand Oaks, California 93063.

10.    Way Technology sent a cease and desist letter to BTI care of its registered agent, on or around June 25, 2013, concerning the marks at issue in this case.

11.    On or about July 9, 2013, the registered agent for BTI received this letter.

12.    Defendant acknowledged receipt of this letter with an electronic mail communication from Rachelle Cross, a Manager with BTI.


## IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.    After great expenditures of time, money and effort, Way Technology has developed many inherently distinctive trademarks, designs, forms of advertisement, and slogans, which it has used and continues to use in connection with its many products and business activities.

14.    Way Technology has engaged in the marketing, distribution and sale of products depicting the marks at issue since long prior to the acts complained of herein and Way Technology is the owner of exclusive trademark rights therein.

15.    The Way Technology Marks have been and are used by Way Technology to market its products and services on the internet and through the sale and distribution of many products.

## V.    THE WAY TECHNOLOGY MARKS

16.    Way Technology is the owner of many registered and common law trademarks associated with its brands and with the appearance of the marks used in conjunction with the labels on electronic data storage media products. These marks include, *inter alia*: 4AllDeals®; 4 ALL MEMORY®; 4AllMemory™; and 4AllDeals™. One mark (4 ALL MEMORY®) is the subject of a federal registration covering: retail store services, in the fields of computer hardware, computer peripherals. As well as, electronic data storage media.

17.    Way Technology owns a valid and incontestable United States Trademark Registration for the 4 ALL MEMORY® mark pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b). Its registration number is 2,856,002.

18.    The registration of the 4 ALL MEMORY® mark also provides sufficient notice to BTI of Way Technology's ownership and exclusive rights in said mark.

19.    Way Technology also owns a valid and incontestable United States Trademark Registration for the 4AllDeals® mark pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b). Its registration number is 85,831,510.

20.    The registration of the 4AllDeals® also provides sufficient notice to BTI of Way Technology's ownership and exclusive rights in said mark.

-4-

21.     The registration of the 4 ALL MEMORY® also provides sufficient notice to BTI of Way Technology's ownership and exclusive rights in said mark

22.     For purposes of this Complaint, Way Technology's registered trademark together with the common law rights associated with its other marks are hereinafter collectively referred to as the "Way Technology Marks."

23.     The labels appearing on Way Technology's electronic data storage media products, and on other Way Technology products, are comprised of well-known elements recognized by the public as trademarks of Way Technology.

24.     The Way Technology Marks at issue in this case have been continuously used and have never been abandoned by Plaintiff.

25.     Way Technology has used the 4 ALL MEMORY® word mark continuously in this country since January 2000.


## VI.     BTI'S UNLAWFUL ACTIVITIES

26.     On information and belief, BTI is using Way Technology's trademarks in interstate commerce in connection with the sale, offering for sale, distribution or advertising of goods or services that is likely to cause confusion, mistake, and/or deceive as a result of the overall similarity or duplication of the marks.

27.     On information and belief, BTI is using Way Technology's trademarks in such a way as to misrepresent its goods as those of Way Technology's and/or cause a likelihood of confusion.

28.     On information and belief, BTI is using Way Technology's trademarks in such a way as to constitute false advertising and/or a false designation of origin.

29.     BTI has no license, authority, or other permission from Way Technology to use any of Way Technology's marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the infringing products.

30.     BTI's activities are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the infringing products and Way Technology.

31.     BTI's activities have caused confusion with consumers resulting in Way Technology fielding calls from unhappy consumers who received an inferior product from Defendant, when the consumers believed they would be receiving a Way Technology branded product.

32.     BTI has been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Way Technology's rights, or, with bad faith, for the purpose of trading on the goodwill and reputation of Way Technology's marks and products.

33.     On information and belief, Way Technology alleges, that at all relevant times herein, BTI knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by its inaction ratified and encouraged such acts and behavior.

34.     Way Technology further alleges that BTI has a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty BTI failed and/or refused to perform.

35.    BTI manufactures, markets, distributes and/or sells electronic data storage media products, throughout the United States, including in the Eastern District of Missouri.

36.    BTI advertises, markets, and/or sells electronic data storage media products that incorporate words and images that are identical to, substantially indistinguishable from, or are colorable imitations of the Way Technology Marks (referred to hereafter as the "Infringing Products").

37.    Defendant is not a subsidiary, affiliate, licensee or related company of Way Technology, and Way Technology has not authorized or licensed Defendant to distribute or sell any products bearing the Way Technology Marks, or any reproductions, copies or colorable imitations thereof.

38.    BTI's sale and offer for sale of the Infringing Products bearing imitations of the Way Technology Marks are likely to cause confusion and mistake as to the source or origin of the Infringing Products and to create a false impression of sponsorship, approval or endorsement of those products by Way Technology.

39.    Because the public uniquely associates the Way Technology Marks with Way Technology, Defendant's acts present a substantial likelihood of confusion and deception. Defendant's unauthorized use of the Way Technology Marks has caused and will continue to cause an erosion of the public's exclusive identification of the Way Technology Marks with Way Technology. Thus diminishing the distinctiveness and tarnishing and degrading the positive associations and prestigious connotations of these marks, thus causing dilution by blurring and tarnishment.

40.    BTI's acts demonstrate deliberate, willful, and bad faith intent to create confusion and mistake, to deceive purchasers, and to trade on the established reputation and goodwill of Way Technology by falsely implying an association, connection, affiliation, or

relationship with Way Technology and its goods to the great and irreparable injury of Way Technology.

41.     BTI's use of Way Technology Marks on the Infringing Products has caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of purchasers, as well as members of the public who see the Way Technology Marks on the Infringing Products. The natural and probable result is that Way Technology has suffered, and will continue to suffer, irreparable injury to, and dissipation, of its reputation and goodwill for which Way Technology has no adequate remedy at law.

42.     On information and belief, BTI's actions have caused, are causing, and/or are likely to cause actual confusion between BTI and their Infringing Products, and the Way Technology Marks.

### VII.    FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

43.     Way Technology incorporates by reference the allegations set forth in paragraphs 1-42, as if set forth in full herein.

44.     By engaging in the acts described above, BTI has introduced and marketed the Infringing Products in interstate commerce using designations and representations that are confusingly similar to the Way Technology Registered Marks.

45.     BTI's actions are likely to cause confusion, and mistake, and to deceive purchasers, prospective purchasers, and the public.

46.     BTI's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Way Technology Registered Marks.

47.     BTI's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Way Technology has been and will continue to be, damaged by BTI's infringing activities, which cause a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship, or affiliation of the goods marketed and sold by of BTI.

49.     Because of BTI's infringing activities, Way Technology has suffered, and will continue to suffer, damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of BTI.

50.     Because of BTI's infringing activities, Way Technology is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117. Way Technology is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

   WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has infringed on Plaintiff's trademarks in violation of 15 U.S.C. § 1114, grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.

### VIII.    SECOND CLAIM FOR RELIEF
**Federal Unfair Competition**
**(15 U.S.C. § 1125(a))**

51.     Way Technology incorporates by reference the allegations set forth in paragraphs 1-50, as if set forth in full herein.

52.     BTI's advertising; marketing; offering for sale and sale of goods with false designations and representations identical or closely similar to the Way Technology Marks is likely to cause confusion, mistake, or to deceive purchasers and potential purchasers.

53.     Additionally, this is likely to cause confusion, mistake, or be misleading to members of the public, as to the affiliation, connection or association between BTI and their Infringing Products and Way Technology and its products, and/or as to the origin, sponsorship, authorization or approval of BTI's goods by Way Technology.

54.     BTI's use and marketing of colorable imitations of the Way Technology Marks has not been authorized by Way Technology.

55.     BTI's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Way Technology Marks.

56.     Way Technology has been and will continue to be damaged by BTI's false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of BTI's goods.

57.     Because of BTI's false designations and representations, Way Technology has suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and profits that Way Technology would have made but for BTI's acts.

58.     BTI's false and deceptive designations and representations, violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Way Technology has no adequate remedy at law.

59.    Because of BTI's infringing activities, Way Technology is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. Way Technology is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. §§ 1117.

WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has violated 15 U.S.C. § 1125(a), grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.

### IX.    THIRD CLAIM FOR RELIEF
**Missouri State Trademark Infringement**
**(Mo. Rev. Stat. § 417.056)**

60.    Way Technology incorporates by reference the allegations set forth in paragraphs 1-59, as if set forth in full herein This claim is a substantial and related claim to Way Technology's federal claims.

61.    BTI has used reproductions, copies, or colorable imitations of the Way Technology marks in connection with the sale, offering for sale and advertising of BTI's products. BTI's actions have not been authorized by Way Technology and are likely to cause confusion or mistake as to the source or origin of BTI's products.

62.    BTI's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Way Technology Marks.

63.    Way Technology has been and will continue to be damaged by BTI's false designations and representations because they are resulting in and, unless enjoined by

this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of BTI's goods.

64.     Because of BTI's false designations and representations, Way Technology has suffered and will continue to suffer damage to its business reputation, and goodwill, and the loss of sales and profits that Way Technology would have made but for BTI's acts.

65.     BTI's actions are in violation of Mo. Rev. Stat. § 417.056, and Way Technology has no adequate remedy at law.

66.     Because of BTI's infringing activities, Way Technology is entitled to injunctive relief, an accounting for profits and damages pursuant to  Mo. Rev. Stat.§ 417.056.

WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has violated Mo. Rev. Stat. § 417.056, grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.

## X.     FOURTH CLAIM FOR RELIEF
### Missouri State Trademark Dilution
### (Mo. Rev. Stat. § 417.061)

67.     Way Technology incorporates by reference the allegations set forth in paragraphs 1-66, as if set forth in full herein.

68.     Way Technology has extensively and continuously promoted and used the Way Technology Marks both in the United States and throughout the world, and those marks have become distinctive and well-known symbols of Way Technology's goods and

services well before BTI offered for sale the Infringing Products complained of in this Complaint.

69.     BTI's unauthorized use of the Way Technology Marks dilutes and is likely to dilute, the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Way Technology, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Way Technology's goods and services.

70.     BTI's actions have caused injury to the business reputation of Way Technology.

71.     BTI's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Way Technology Marks or to cause dilution of the Way Technology Marks, to the great and irreparable injury of Way Technology.

72.     BTI is causing and will continue to cause irreparable injury to Way Technology's goodwill and business reputation, and dilution of the distinctiveness and value of Way Technology's famous and distinctive Way Technology Marks in violation of Missouri anti-dilution statute Mo. Rev. Stat § 417.061(1). Because of BTI's activities, Way Technology is entitled to injunctive relief, pursuant to Mo. Rev. Stat §§ 417.061.

WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has violated Mo. Rev. Stat. § 417.061, grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.

## XI.   FIFTH CLAIM FOR RELIEF
### Unfair Competition - California and Other States
### (Cal. Bus. & Prof. Code § 17200 *et seq.)*

73.   Way Technology incorporates by reference the allegations set forth in paragraphs 1-71, as if set forth in full herein.

74.   BTI has knowingly used reproductions, copies, or colorable imitations of the Way Technology marks in connection with the sale, offering for sale, and advertising of BTI's products. BTI's actions have not been authorized by Way Technology and are likely to cause confusion, cause a mistake, or deceive a person as to, either the origin, sponsorship or approval of BTI's products, or, the affiliation, connection or association of the BTI with Way Technology.

75.   BTI's actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with the Way Technology Marks and with intent to confuse or deceive the public.

76.   Way Technology has been and will continue to be damaged by BTI's false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of BTI's goods.

77.   Because of BTI's false designations and representations, Way Technology has suffered and will suffer damage to its business reputation, and goodwill, and the loss of sales and profits that Way Technology would have made but for BTI's acts.

78.   BTI's actions discussed herein constitute unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq.*

79.     Pursuant to Cal. Bus. & Prof. Code § 17203, Way Technology is entitled to preliminary and permanent injunctive relief ordering BTI to cease this unfair competition, as well as disgorgement of all of BTI's profits associated with this unfair competition.

WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has violated Cal. Bus. & Prof. Code § 17200 *et seq.*, grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.

## XII.    SIXTH CLAIM FOR RELIEF
### State Common Law Trademark Infringement
### and Unfair Competition

80.     Way Technology incorporates by reference the allegations set forth in paragraphs 1-80, as if set forth in full herein.

81.     This claim is a substantial and related claim to Way Technology's federal claims.

82.     BTI's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri and the State of California.

83.     BTI's acts have created, and unless restrained by this Court, will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to Way Technology for which Way Technology has no adequate remedy at law.

84.     On information and belief, BTI acted with full knowledge of Way Technology's use of, and statutory and common law rights to, the Way Technology Marks without

regard to the likelihood of confusion and deception of the public created by those activities.

85.    BTI's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Way Technology Marks to the great and irreparable injury of Way Technology.

86.    As a result of BTI's acts, Way Technology has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Way Technology is entitled to injunctive relief, an accounting of BTI's profits, actual damages and punitive damages.

WHEREFORE, Plaintiff prays that the Court enter its orders and judgments in favor of Plaintiff and against Defendant, declaring that Defendant has violated state trademark and unfair competition laws, grant an award of reasonable attorney's fees, disgorgement of profits obtained through sales on Amazon.com or other e-commerce platforms where Defendant has infringed on Plaintiff's Marks, and for such further and other relief as this Court deems just and appropriate.


## XIII.    SEVENTH CLAIM FOR RELIEF
### Attorney's Fees

87.    Way Technology incorporates by reference the allegations set forth in paragraphs 1-86, as if set forth in full herein.

88.    Plaintiff seeks to recover all costs of court, expenses, and reasonable and necessary attorneys' fees pursuant to the applicable provisions of 15 U.S.C. §§ 1114, 1116, and 1117, and other law incurred in the prosecution of this cause, as well as the reasonable and necessary attorneys' fees in any appeal therefrom.

## XIV.    PRAYER FOR RELIEF

WHEREFORE, Way Technology prays that:

1.      BTI and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from BTI, or in concert or participation with BTI, and each of them, be enjoined preliminarily and permanently, from:

a)      Manufacturing, distributing, marketing, selling, or offering for sale any goods which bear any colorable imitation of the Way Technology Marks or any of them, alone or in combination with any other words or symbols, including but not limited to the Infringing Products;

b)      Using any terms, marks, words or symbols which so resemble any of the Way Technology Marks or any names, marks or designations of Way Technology as to be likely to cause confusion, mistake, deception or misunderstanding in connection with the manufacture, distribution, advertising, promotion or sale of any product which is not authorized by Way Technology, including, but not limited to, the marks used on the Infringing Products;

c)      Expressly or by implication, representing that BTI or their goods are those of or are in any way affiliated with, or authorized, licensed, endorsed or sponsored by Way Technology or its subsidiaries, affiliates or related companies;

d)      Selling any goods or services or engaging in any actions which are likely to dilute or tarnish the distinctive quality of the Way Technology Marks, names and forms of advertisement or otherwise cause injury to Way

Technology's business reputation, including but not limited to the Infringing Products;

e)    Making or engaging in any express or implied false descriptions, false designations or false representations with respect to the products of BTI in violation of Section 32 or Section 43(a) of the Lanham Act; and

f)    Otherwise infringing upon the Way Technology Marks or unfairly competing with Way Technology in any manner whatsoever;

2.    BTI be ordered to recall all products bearing the Way Technology Marks, or any other confusingly similar mark, including but not limited to the Infringing Products, which have been shipped by BTI or under their authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against BTI;

3.    BTI be ordered to deliver up for impoundment and destruction all Infringing Products or other materials in the possession, custody, or under the control of BTI that are found to adopt, infringe, or dilute any of the Way Technology Marks or that otherwise unfairly compete with Way Technology and its products and services;

4.    BTI be compelled to account to Way Technology for any and all profits derived by BTI from the sale or distribution of infringing goods as described in this Complaint;

5.    Way Technology be awarded all damages caused by the acts forming the basis of this Complaint;

6.    Based on BTI's knowing and intentional use of confusingly similar and substantially indistinguishable imitations of Way Technology Marks, the damages award

be trebled and the award of BTI's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      BTI be required to pay to Way Technology the costs of this action and its reasonable attorneys' fees;

8.      Based on BTI's willful and deliberate infringement and dilution of the Way Technology Marks, and to deter such conduct in the future, Way Technology be awarded punitive damages; and

9.      Way Technology be awarded such other and further relief as the Court may deem just.


DATED: July 25, 2013

                              Respectfully Submitted,

                              **SULLIVAN LAW FIRM**

                              By: /s/ Peter C. Sullivan
                              Peter C. Sullivan 64188MO
                              7751 Carondelet Avenue, Suite 204
                              Clayton, Missouri 63105
                              Tel:  (314) 727-4442
                              Fax:  (314) 862-4357
                              E-mail: pcs@sullivanlawstl.com

                              *Attorney for Plaintiff Way Technology, LLC*


I declare under the penalty of perjury that the foregoing is true and correct.


Date:  July 24, 2013                    /s/ Brian Way
                                         Brian Way
                                         Way Technology, LLC

                                         *Original signature is on file
                                         at Sullivan Law Firm*